1   James D. Gustafson, Bar No. 125772
    EDWARDS ANGELL PALMER & DODGE LLP
2   660 Newport Center Drive, Suite 900
    Newport Beach, CA 92660
3   Telephone: 949.423.2100
    Facsimile: 949.423.2101
4   Email:     jgustafson@eapdlaw.com

5   Attorneys for Defendant
    CVS PHARMACY, INC.

6

7

8                    UNTIED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  DIANA TOOKMANIAN, on behalf        Case No.
    of herself and other CVS
12  PHARMACY, INC. employees,          CV11 05207ODW PJWx

13            Plaintiff,                NOTICE OF REMOVAL OF CIVIL
                                        ACTION UNDER 28 U.S.C. §§ 1332,
14      v.                              1441 AND 1446

15  CVS PHARMACY, INC., a
    Delaware corporation and DOES 1
16  through 20, inclusive,

17            Defendants.

18

19  TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT

20  COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

21       PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441(a) and

22  (b), and 1446, defendant CVS Pharmacy, Inc. ("Defendant"), hereby removes this

23  action from the Superior Court of the State of California for the County of Los

24  Angeles to the United States District Court for the Central District of California.

25  Removal is based on the following grounds:

26       1.      On or about May 25, 2011, plaintiff Diana Tookmanian ("Plaintiff")

27  caused a copy of the Summons and Complaint entitled *Diana Tookmanian v. CVS*

28  *Pharmacy, Inc., a Delaware corporation; DOES 1-20 inclusive*," Los Angeles

EDWARDS ANGELL
PALMER & DODGE
LLP
ATTORNEYS AT LAW

PRV 1141158.1

NOTICE OF REMOVAL OF CIVIL ACTION

FILED
CLERK, U.S. DISTRICT COURT

JUN 22 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

1   County Superior Court Case No. GC047276 (the "Complaint"), to be served on

2   Defendant.  A true and correct copy of the Summons and Complaint is attached

3   hereto as Exhibit A along with the proof of service.

4

5       2.    The Complaint alleges the following six purported causes of action

6   against Defendant: (1) for discriminatory discharge based on age in violation of

7   Government Code § 12940(a); (2) for discriminatory discharge based on disability

8   and perceived disability in violation of Government Code §§ 12940(a) and

9   12926.1(d); (3) for wrongful discharge in violation of public policy; (4) for

10  recovery of unpaid wages and penalties; (5) for violation of Labor Code § 1198;

11  and (6) for failure to pay wages due upon termination in violation of Labor Code §

12  201.

13

14      3.    The Complaint attached hereto as Exhibit A and served on May 25,

15  2011, is the initial pleading setting forth claims for relief upon which this action is

16  based and may be removed.  Accordingly, this Notice of Removal is timely filed

17  pursuant to 28 U.S.C. § 1446(b).

18

19      4.    The Complaint attached to this Notice of Removal constitute all

20  process and pleadings served on Defendant in this action.

21

22      5.    Venue is proper in this District pursuant to 28 U.S.C. § 1441(a),

23  because this District embraces the place in which the removed action was filed and

24  has been pending.

25

26      6.    Pursuant to § 1446(d), the undersigned counsel certifies that a copy of

27  this Notice of Removal and all supporting papers will be served promptly on

28

EDWARDS ANGELL
PALMER & DODGE
LLP
ATTORNEYS AT LAW

PRV 1141158.1                - 2 -

1  Plaintiff's counsel and filed with the Clerk of the Los Angeles County Superior

2  Court.

3

4       7.     Defendant has answered Plaintiff's Complaint in the pending Los

5  Angeles Superior Court action.  A true and correct copy of Defendant's Answer is

6  attached hereto as Exhibit B.

7

8              REMOVAL BASED ON DIVERSITY OF CITIZENSHIP

9       8.     The Complaint is properly removable on the basis of diversity of

10  citizenship jurisdiction under 28 U.S.C. § 1332, in that it is a civil action between

11  citizens of different states and the matter in controversy exceeds the sum of

12  $75,000, exclusive of interest and costs, as explained below.

13

14       9.     Defendant is a citizen of a state different than Plaintiff and is not a

15  citizen of California.

16

17            (a)     Plaintiff is now, and was at the time this action was commenced,

18  a citizen of the State of California within the meaning of 28 U.S.C. § 1332(a),

19  because her place of residence and domicile is and was within the State of

20  California.  *See* Complaint, Exhibit "A" hereto at ¶ 1 and ¶ 3.

21

22            (b)     Defendant is a Rhode Island corporation with its principal place

23  of business in Woonsocket, Rhode Island.  *See,* in part, Complaint, Exhibit "A"

24  hereto at ¶ 2.

25

26            (c)     The presence of Doe defendants has no bearing on diversity

27  with respect to removal.  *See* 28 U.S.C. § 1441(a) ("For purposes of removal under

28

EDWARDS ANGELL
PALMER & DODGE
LLP
ATTORNEYS AT LAW

PRV 1141158.1                              - 3 -

1  this Chapter, the citizenship of defendants sued under a fictitious name shall be

2  disregarded.").

3

4      10.    Plaintiff has placed in controversy an amount exceeding $75,000,

5  exclusive of costs and interest.  *See*, Declaration of James D. Gustafson, ¶ 2 and

6  Exhibit "A" thereto, letter from Dale L. Gronemeier dated February 23, 2011.

7

8      (a)    Plaintiff's Complaint does not specify the amount of damages

9  she seeks.  However, Plaintiff's failure to specify in her Complaint the specific

10 dollar amount of damages she seeks does not deprive this Court of jurisdiction.

11 *See, e.g., Singer v. State Farm Mutual Automobile Ins. Co.*, 116 F.3d 373, 377 (9th

12 Cir. 1997) (holding that the district court may consider whether it is 'facially

13 apparent' from the complaint that the jurisdictional amount is in controversy and

14 that, if not, the court may consider facts in the removal petition and may require

15 parties to submit summary-judgment-type evidence); *see also White v. J.C. Penney*

16 *Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W. Va. 1994) (defendant may remove a suit

17 to federal court notwithstanding the failure of plaintiff to plead a specific dollar

18 amount in controversy; if the rules were otherwise, "any plaintiff could avoid

19 removal simply by declining . . . to place a specific dollar value upon its claim.").

20

21     (b)    As explained by Plaintiff's counsel at page 9 of his February 23,

22 2011 letter: "Ms. Tookmanian was earning a salary of approximately $29,000, an

23 amount which does not include the value of her fringe benefits package which

24 included a discount on purchases in the store . . . two weeks paid vacation, and full

25 medical insurance benefits when she was terminated.  According to the Bureau of

26 Labor Statistics of the U.S. Department of Labor, the average cost of benefits is

27 29.4% of an employee's compensation package.  For Ms. Tookmanian that amount

28 is approximately $12,000.  Accordingly, the value of Ms. Tookmanian's income is

EDWARDS ANGELL
PALMER & DODGE
LLP
ATTORNEYS AT LAW

PRV 1141158.1                                   - 4 -

NOTICE OF REMOVAL OF CIVIL ACTION

1   reasonably calculated at $3,400 per month.  CVS' conduct toward Ms. Tookmanian

2   has caused her to lose pay for approximately twenty one months from May, 2009,

3   through January, 2011.  Ms. Tookmanian's lost income for 21 months is $71,400,

4   and will continue to accrue thereafter at the rate of $3,400 per month[1].  She is

5   entitled to interest on all of the foregoing sums.  Although she has been diligently

6   trying to find employment, the odds of Ms. Tookmanian finding a job at this time

7   are stacked against her.  She is an older worker with a recent history of medical

8   problems and a gap of nearly two years in her resume who is trying to find a job

9   during a severe downturn in California's economy.  It is reasonably probable to

10  assume that she will not find comparable employment prior to her planned

11  retirement at age 65, which will result in an additional $164,000 in future lost

12  income damages.  Thus, we expect Ms. Tookmanian's economic losses to be

13  approximately $235,400.

14

15          (c)     Plaintiff's Complaint further seeks emotional distress damages

16  as explained by counsel in his February 23, 2011 letter:  "Ms. Tookmanian has

17  suffered severe emotional distress after being blindsided by her termination.  As an

18  older worker with a perceived disability and a resume gap, she has had a

19  particularly difficult time finding another job in a bad market.  Damages to human

20  psyche is far more significant that [sic] pocket book losses.  There are no hard and

21  fast objective standards for determining the value of the damages to a human

22  being's psyche.  In our experience, people tend to reach a valuation based upon the

23  relationship to the amount of income damage, the severity of the suffering, and the

24  offensiveness of the employer's conduct.  We think a reasonable valuation of her

25  emotional distress damages is double the amount of her income damages – *i.e.*,

26  $470,800.

27  ───────────────

[1]  It is now the end of June, 2011, nearly five months from the date of counsel's damage calculation or 26

28  months from the date of her termination.  At the rate of $3,400 per month, Ms. Tookmanian's lost earnings
    are already approximately $88,400.

Edwards Angell
Palmer & Dodge
LLP
Attorneys At Law

1       (d)    Plaintiff's counsel also states in his February 23, 2011 letter that

2   Tookmanian is seeking an additional $128,530 in attorneys fees in addition to the

3   punitive damages, extra wages and penalties prayed for in the Complaint.

4

5       (e)    For all the foregoing reasons, it is clear that the amount in

6   controversy alleged in Plaintiff's Complaint exceeds $75,000.

7

8       11.    Because Plaintiff and Defendant are citizens of different states, and

9   because the Court may disregard the citizenship of Doe defendants, there is

10  complete diversity between the parties.  Further, because there is complete diversity

11  and because the amount in controversy threshold is met, the requirements for

12  removal under 28 U.S.C. §§ 1332(a) and 1441(a) are satisfied.

13

14      WHEREFORE, Defendant removes the above-entitled action now pending in

15  the Superior Court of the State of California for the County of Los Angeles to this

16  Court.

17

18  Dated:  June 22, 2011

                              Edwards Angell Palmer & Dodge LLP

19

20                                By:

21                                James D. Gustafson

22                                Attorneys for Defendant
                              CVS PHARMACY, INC.

23

24

25

26

27

28

EDWARDS ANGELL
PALMER & DODGE
LLP
ATTORNEYS AT LAW

PRV 1141158.1                    - 6 -

NOTICE OF REMOVAL OF CIVIL ACTION

Exhibit A

 CT Corporation

**Service of Process
Transmittal**
05/25/2011
CT Log Number 518577554

*13259
CANN-LL*

TO: Zenon Lankowsky, General Counsel
CVS Pharmacy, Inc.
One CVS Drive
Woonsocket, RI 02895

RE: **Process Served in California**

FOR: CVS Pharmacy, Inc. (Domestic State: RI)

RECEIVED

MAY 2 7 2011

LEGAL DEPARTMENT

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Diana Tookmanian, etc., Pltf. vs. CVS Pharmacy, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Notice, Complaint, Attachment(s), Stipulation Form, Cover Sheet, Cover Sheet Addendum and Statement, |
| **COURT/AGENCY:** | Los Angeles County, Superior Court, Pasadena, CA<br>Case # GC047276 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - Defendant's foregoing conduct was malicious in that it was based on unreasoning age bias and upon the intent to injure the Plaintiff |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/25/2011 at 14:30 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Elbie J. Hickambottom, Jr.<br>Gronemeier & Associates, P.C.<br>1490 Colorado Blvd.<br>Eagle Rock, CA 90041<br>323-254-6700 |
| **REMARKS:** | Process Server Underlined (At Time of Service) - Please note the process server underlined, circled, initialed and/or highlighted the entity name served at time of service at CT. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight , 797140800320<br>Email Notification, Zenon Lankowsky zplankowsky@cvs.com<br>Email Notification, Ellen Putnam EEPUTNAM@CVS.COM |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of 1 / TB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Ex. A, Page 1

8/25/1  1·05 pm

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

ORIGINAL FILED *(FOR COURT USE ONLY)*
*(SOLO PARA USO DE LA CORTE)*

APR 28 2011

LOS ANGELES
SUPERIOR COURT

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CVS PHARMACY, INC., a Delaware corporation; DOES 1-20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DIANA TOOKMANIAN, on behalf of herself and other CVS PHARMACY, INC. employees

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Pasadena Courthouse Northeast District<br><br>300 E. Walnut Street<br>Pasadena, CA 91101 | CASE NUMBER: *(Número del Caso):* GC047276 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gronemeier & Associates, P.C., Elbie J. Hickambottom, Jr., 1490 Colorado Blvd. Eagle Rock, CA 90041

| | | | | |
|---|---|---|---|---|
| DATE: 04/26/11 *(Fecha)* APR 28 2011 | JOHN A. CLARKE | Clerk, by *(Secretario)* SANDRA LOPEZ | , Deputy *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* CVS Pharmacy, Inc. A Delaware Corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*  5/25/11

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Ex. A, Page 2

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

ORIGINAL FILED

APR 28 2011

LOS ANGELES
SUPERIOR COURT

COURTHOUSE ADDRESS:
300 EAST WALNUT STREET, PASADENA, CALIFORNIA 91101

PLAINTIFF:

DEFENDANT:

CASE NUMBER:

GC047275

## NOTICE OF CASE MANAGEMENT CONFERENCE

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

Date:  Time: 8:30 a.m.  Dept.: NEP
NEP
NES

NEP-JAN A. PLUIM
NER-C. EDWARD SIMPSON
NES-JOSEPH F. DE VANON

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: _____ APR 28 2011 _____

MARY THORNTON HOUSE
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☐ by depositing in the United States mail at the courthouse in _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

APR 28 2011

JOHN A. CLARKE, Executive/Officer Clerk

Dated: _____

By _____
Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

NOTICE OF
CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Seven

Ex. A, Page 3

1   **GRONEMEIER & ASSOCIATES, P.C.**
    Dale L. Gronemeier – State Bar #66036

2   Elbie J. Hickambottom, Jr. - State Bar #119289
    1490 Colorado Blvd.

3   Eagle Rock, California 90041
    (323) 254-6700

4   (323) 254-6722 FAX

5   Attorneys for Plaintiff
    Diana Tookmanian

6

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

         FOR THE COUNTY OF LOS ANGELES, NORTHEAST DISTRICT

9

10

11  DIANA TOOKMANIAN, on behalf of        )   Case Number ___ 6C047276
    herself and other CVS PHARMACY,       )
12  INC, employees,                       )
                                          )   **Complaint for: wrongful**
13               Plaintiff,               )   **termination in violation of**
                                          )   **the California Fair**
14  vs.                                   )   **Employment and Housing**
                                          )   **Act ("FEHA"), wrongful**
15  CVS PHARMACY, INC. , a Deleware       )   **termination in violation of**
    corporation; DOES 1-20, inclusive     )   **public policy, violation of**
16                                        )   **Labor Code §1198, and**
               Defendants.                )   **failure to pay wages due**
17                                        )   **upon termination**
                                          )
18  ─────────────────────────────────────)

19

20

21

22

23

24

25

26

27

28  TookmanianPleadings001.COMPLAINT.wpd        Page 1
                                                Complaint

Plaintiff Diana Tookmanian ("TOOKMANIAN") alleges as follows:

## THE PARTIES

1. TOOKMANIAN is an individual residing in the County of Los Angeles, State of California.

2. Defendant CVS Pharmacy, Inc. ("CVS") is a corporation organized and existing under the laws of the State of Delaware, is based in Woonsocket, Rhode Island, and is doing business in Los Angeles County, California. CVS is a subsidiary of CVS Caremark Corporation, is one of the largest pharmacy health care provider in the United States, and operates approximately 7,000 retail drugstores throughout the United States.

3. TOOKMANIAN was employed as a supervisor at the CVS store located at 451 South Sierra Madre Boulevard in Pasadena, California until her termination on May 1, 2009.

4. The names and true capacities of Defendant Does     inclusive, are presently unknown to TOOK:                 ... some manner responsible for the acts and omissions alleged hereinafter. When TOOKMANIAN learns the names and true capacities of Defendant Does 1-20, she will amend this complaint accordingly.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

5. TOOKMANIAN is a sixty two year old woman who was a ten-year employee of CVS and its predecessor, SavOn Drugstore. She was hired on October 30, 1999, and terminated on May 1, 2009. Starting as a part-time clerk, her loyalty to the company and hard work earned her progressive advancements to supervisor at the store located at 451 South Sierra Madre Boulevard in

1  Pasadena, California. In recognition of her dedication and reliability,

2  TOOKMANIAN was also repeatedly called upon to be a relief supervisor at other

3  store locations throughout the greater San Gabriel Valley area.

4      6.  While she worked at SavOn/CVS, TOOKMANIAN also suffered from a

5  chronic lower back problem, which limited the amount of time that she could

6  stand at a cash register and eventually caused her to walk with a cane.  The Store

7  Manager who hired, supervised and promoted her during the first five years that

8  she worked for SavOn/CVS, Nerses Aroyan ("AROYAN"), reasonably

9  accommodated TOOKMANIAN by allowing her to take shorter, more frequent

10  rest breaks. TOOKMANIAN also began the practice in 2008 of sitting on a stool at

11  the cash register when customers were not in line to accommodate her chronic

12  lower back problem. TOOKMANIAN's chronic lower back problem did not

13  constrain her from unloading and shelving the merchandise that was delivered to

14  the store.

15      7. When AROYAN was replaced by Raymond Kort ("KORT") as Store

16  Manager in 2005, TOOKMANIAN's work environment changed dramatically.

17  KORT began treating TOOKMANIAN differently than the four other store

18  supervisors, who were younger and more physically fit. KORT engaged in a

19  regular practice of excluding TOOKMANIAN from management meetings with

20  the other supervisors. Unlike the other supervisors, who KORT encouraged and

21  supported in receiving their required certifications, KORT never assisted

22  TOOKMANIAN by providing her time to become completely certified. Unlike the

23  other supervisors, TOOKMANIAN had to teach herself most of the skills

24  necessary to perform her job duties. While the other supervisors spent time

25  performing management tasks like watching the monitors in the office,

26  TOOKMANIAN spent much more time than the other supervisors working at the

27

28

1   cash register.

2       8.  By keeping TOOKMANIAN out of the management loop, KORT

3   minimized her contributions to the successful operation of the store and hindered

4   her advancement within the company. Accordingly, younger, less-experienced,

5   and shorter-tenured employees who were trained by TOOKMANIAN, like Maria

6   Flores and Rocio Cortez, were groomed by KORT and promoted to Assistant Store

7   Manager positions ahead of TOOKMANIAN, who was never seriously considered

8   for a promotion to Assistant Store Manager by KORT after she became a

9   supervisor in July, 2002. However, TOOKMANIAN was relied upon to conduct

10  and manage all store operations, including supervising store employees, opening

11  and closing the store, receiving and shelving merchandise, cashiering, mopping,

12  cleaning restrooms, price changes, ordering c.            ng, and customer

13  relations. TOOKMANIAN was also "on call" and tasked with returning to the

14  store at night to respond to the security alarm (with the local police)  if it was

        ted.

16  9. It was readily apparent to TOOKMANIAN that she was being treated

17  differently by KORT because he perceived her as being disabled and too old to

18  perform as a store supervisor and to be promoted to Assistant Store Manager.

19  KORT objected to TOOKMANIAN's established practiced of taking shorter and

20  more frequent rest breaks. Instead, he tolerated the practice of TOOKMANIAN

21  having to interrupt her breaks with job-related duties, such as the unloading and

22  shelving of merchandise delivered to the loading dock. KORT discouraged

23  TOOKMANIAN from using the stool at the cash register by removing it when she

24  went to lunch.

25      10.  KORT constantly reminded TOOKMANIAN of what he perceived to be

26  her physical limitations. When she temporarily placed her cane aside to perform

27

28  TookmanianPleadings001.COMPLAINT.wpd          Page 4
                                                  Complaint

1   job duties, KORT had a habit of picking the cane up and asking her if it belonged
2   to her (when he obviously knew that it did). He also questioned whether she could
3   bend down to re-shelve merchandise on the lower shelves (which she could),
4   repeatedly asking her if she needed someone to help her. KORT even went so far
5   as to comment to TOOKMANIAN that if she lost weight she would not have any
6   more problems standing.

7       11. TOOKMANIAN suffered a hairline fracture in a her heel in 2008 which
8   required her to take a six-month disability leave beginning on November 2, 2008.
9   When TOOKMANIAN received her last regular paycheck for October, 2008, she
10  was not compensated for 32 hours that she worked. She communicated this
11  mistake to the Human Resources Department during the second week of
12  November, 2008.

13      12. Prior to the end of her initial six-month disability leave,
14  TOOKMANIAN visited her doctor in April 2009, at which time her doctor
15  determined that her disability leave would need to be extended for an indefinite
16  period of time. The written notice extending TOOKMANIAN's disability leave was
17  faxed to the Human Resources Department on April 29, 2009. In spite of the fact
18  that TOOKMANIAN was not scheduled to return to work until Monday May 4,
19  2009, and in spite of the fact that the notice extending TOOKMANIAN's disability
20  leave was sent on April 29, 2009, TOOKMANIAN was sent a written notice
21  terminating her employment on May 1, 2009.

22      13. On the day that TOOKMANIAN was terminated, she was owed a 2008
23  vacation paycheck. However, as of the date of this letter, TOOKMANIAN has not
24  received a paycheck for October, 2008, or for her 2008 vacation time.

25

26

27

28  TookmanianPleadings001.COMPLAINT.wpd                Page 5
                                                        Complaint

## First Cause of Action
### for discriminatory discharge based on
### age in violation of Government Code §12940(a)

14. TOOKMANIAN refers to paragraphs 1-13 herein, and, by this reference, incorporates them herein as though set forth in full.

15. TOOKMANIAN has timely filed a complaint with the California Department of Fair Employment and Housing ("DFEH") on the claim asserted in this cause of action, has received a right-to-sue letter, and has timely instituted this action after its receipt.

16. TOOKMANIAN was an employee of CVS and its predecessor, SavOn Drugstore, from October 30, 1999, until May 1, 2009. While employed at CVS, TOOKMANIAN was qualified for the position of supervisor and at all time performed her duties with excellence.

17. TOOKMANIAN is a 62-year old woman.

18. TOOKMANIAN's age was a motivating factor for the decision by CVS to fire her in violation of Government Code §12940(a).

19. As a consequence of the foregoing, TOOKMANIAN has suffered income losses, and will with reasonable certainty continue to suffer income losses in the future, in an amount to be established according to proof presented at trial.

20. As a consequence of the foregoing conduct, TOOKMANIAN has suffered the emotional distress which a reasonable woman would ordinarily feel from such egregious conduct. TOOKMANIAN has suffered general anxiety, nervousness, insomnia, severe headaches, loss of appetite, and irritability. TOOKMANIAN is therefore entitled to emotional distress damages according to proof at trial.

21. The foregoing conduct was malicious in that it was based upon unreasoning age bias and upon the intent to injure TOOKMANIAN. The

1   foregoing conduct was fraudulent in that CVS generated false pretexts to justify

2   its conduct.  The foregoing conduct was oppressive in that CVS used its greater

3   power and control as TOOKMANIAN's employers and supervisors to

4   intentionally injure her.  The foregoing conduct was engaged in, authorized by,

5   and/or ratified by an officer, director, or managing agent of CVS.  TOOKMANIAN

6   is therefore entitled to punitive damages against CVS according to proof at trial.

7        22.  TOOKMANIAN has been required to retain, and has retained, counsel

8   to represent her in the prosecution of these claims.  TOOKMANIAN is

9   consequently entitled to an award of reasonable attorneys fees pursuant to the

10  California Fair Employment and Housing Act ("FEHA").

11

12                        **Second Cause of Action**
                  **for discriminatory discharge based**
13          **on disability and perceived disability in violation**
                **of Government Code §§12940(a) and 12926.1(d)**
14

15       23.  TOOKMANIAN refers to paragraphs 1-13 herein, and, by this reference,

16  incorporates them herein as though set forth in full.

17       24.  TOOKMANIAN has timely filed a complaint with the DFEH on the

18  claim asserted in this cause of action, has received a right-to-sue letter, and has

19  timely instituted this action after its receipt.

20       25.  TOOKMANIAN was an employee of CVS and its predecessor, SavOn

21  Drugstore, from October 30, 1999, until May 1, 2009.  While employed at CVS,

22  TOOKMANIAN was qualified for the position of supervisor and at all time

23  performed her duties with excellence.

24       26.  While she worked at SavOn/CVS, TOOKMANIAN suffered from a

25  chronic lower back problem. As a result of this condition, TOOKMANIAN was

26  partially disabled. TOOKMANIAN"S partial disability limited the amount of time

27  that she could stand at a cash register, required the periodic use of a stool, and

28  TookmanianPleadings001.COMPLAINT.wpd          Page 7
                                                 Complaint

1    eventually caused her to walk with a cane. TOOKMANIAN"S partial disability did

2    not keep her from performing the essential functions of her job.

3         27. TOOKMANIAN's partial disability, and KORT's' perception that

4    TOOKMANIAN was disabled, were motivating factors for the decision to fire her

5    in violation of Government Code §§12940(a) and 12926.1(d).

6         28. As a consequence of the foregoing, TOOKMANIAN has suffered

7    income losses, and will with reasonable certainty continue to suffer income losses

8    in the future, in an amount to be established according to proof presented at

9    hearing.

10        29. As a consequence of the foregoing conduct, TOOKMANIAN has

11   suffered the emotional distress which a reasonable woman would ordinarily feel

12   from such egregious conduct. TOOKMANIAN has ····· ·d general anxiety,

          ·ness, insomnia, severe ·                                              ·ility,

     ·  ·ᴏᴋMANIAN is therefore entitled to emotional distress damages according to

15   proof at hearing.

16        30. The foregoing conduct was malicious in that it was based upon

17   unreasoning age bias and upon the intent to injure TOOKMANIAN. The

18   foregoing conduct was fraudulent in that CVS generated false pretexts to justify

19   its conduct. The foregoing conduct was oppressive in that CVS used its greater

20   power and control as TOOKMANIAN's employers and supervisors to

21   intentionally injure her. The foregoing conduct was engaged in, authorized by,

22   and/or ratified by an officer, director, or managing agent of CVS. TOOKMANIAN

23   is therefore entitled to punitive damages against CVS according to proof at trial.

24        31. TOOKMANIAN has been required to retain, and has retained, counsel

25   to represent him in the prosecution of these claims. TOOKMANIAN is

26   consequently entitled to an award of reasonable attorneys fees pursuant to the

27

28

TookmanianPleadings001.COMPLAINT.wpd              Page 8
                                                  Complaint

provisions of FEHA.

### Third Cause of Action
### for wrongful discharge in violation of public policy

32. TOOKMANIAN refers to paragraphs 1-13 herein, and, by this reference, incorporates them herein as though set forth in full.

33. TOOKMANIAN was an employee of CVS and its predecessor, SavOn Drugstore, from October 30, 1999, until May 1, 2009. While employed at CVS, TOOKMANIAN was qualified for the position of supervisor and at all time performed her duties with excellence.

34. The conduct of CVS set out in ¶¶23-27 violates the fundamental public policies prohibiting disability/medical condition discrimination in employment as contained in FEHA and the Americans With Disability Act. The conduct of CVS set out in ¶¶14-18 violates the fundamental public policies prohibiting age discrimination in employment as contained in Article I, §8 of the California Constitution and FEHA.

35. As a consequence of CVS' conduct in violation of public policies, TOOKMANIAN was discharged from her job with CVS on May 1, 2009.

36. As a consequence of the foregoing, TOOKMANIAN has suffered income losses, and will with reasonable certainty continue to suffer income losses in the future, in an amount to be established according to proof presented at hearing.

37. As a consequence of the foregoing conduct, TOOKMANIAN has suffered the emotional distress which a reasonable woman would ordinarily feel from such egregious conduct. TOOKMANIAN has suffered general anxiety, nervousness, insomnia, severe headaches, loss of appetite, and irritability. TOOKMANIAN is therefore entitled to emotional distress damages according to

1 proof at hearing.

2     38. The foregoing conduct was malicious in that it was based upon

3 unreasoning age bias and upon the intent to injure TOOKMANIAN. The

4 foregoing conduct was fraudulent in that CVS generated false pretexts to justify

5 its conduct. The foregoing conduct was oppressive in that CVS used its greater

6 power and control as TOOKMANIAN's employers and supervisors to

7 intentionally injure her. The foregoing conduct was engaged in, authorized by,

8 and/or ratified by an officer, director, or managing agent of CVS. TOOKMANIAN

9 is therefore entitled to punitive damages against CVS according to proof at trial.

10

11                        'h Cause of Action

12                           for ᵗⁿᵈ

13     39. TOOKMANIAN refers to paragraphs ⊥           this

14 reference, incorporates them herein as though set forth in full.

15     40. TOOKMANIAN was an employee of CVS and its predecessor, SavOn

16 Drugstore, from October 30, 1999, until May 1, 2009. While employed at CVS,

17 TOOKMANIAN was qualified for the position of supervisor and at all time

performed her duties with excellence.

    41. Pursuant to the applicable Wage Order of the Industrial Welfare

20 Commission, TOOKMANIAN was entitled to a thirty-minute meal break which

21 was uninterrupted by employment duties for each workday that she worked more

22 than five hours.

23     42. During approximately half of the shifts that she worked while

24 employed as a supervisor at CVS, TOOKMANIAN's meal breaks were interrupted

25 by employment duties such as the unloading and shelving of merchandise

26 delivered to the loading dock.

27

28 TookmanianPleadings001.COMPLAINT.wpd         Page 10
                                        Complaint

1   43. Pursuant to Labor Code §226.7(b), TOOKMANIAN earned as wages

2   one hour's pay at her regular rate of compensation for each day that her meal

3   break was interrupted by employment duties in a total amount according to proof

4   at trial.

5   44. Pursuant to §2699, TOOKMANIAN is also entitled to recover a civil

6   penalty in the amount of $100 for the initial unpaid meal break violation and a

7   civil penalty in the amount of $200 for each subsequent violation in a total

8   amount according to proof at trial. Pursuant to the Private Attorney General Act

9   ("PAGA"), TOOKMANIAN is further entitled to pursue penalties for other

10  similarly-situated, underpaid CVS employees in a total amount according to proof

11  at trial. TOOKMANIAN is also entitled to receive interest and her attorneys' fees.

12  45. TOOKMANIAN has given written notice by certified mail of her claim

13  for unpaid meal break wages to the Labor Workforce Development Agency as

14  required by Labor Code §2699.3(a)(1). TOOKMANIAN did not receive notice that

15  the Labor Workforce Development Agency intends to investigate her allegations

16  of unpaid overtime wages within 33 days of the postmark date of the notice that

17  she gave pursuant to Labor Code §2699.3(a)(1).

18  46. Pursuant to Labor Code §204, CVS was obligated to pay

19  TOOKMANIAN wages earned by her at least twice during each calendar month.

20  Throughout her employment, CVS willfully failed and refused to pay

21  TOOKMANIAN untaken meal break wages, including without limitation, the one

22  hours wages for each day during each pay period that she did not take the

23  required meal breaks. TOOKMANIAN is consequently entitled to such wages

24  and, pursuant to Labor Code §218.6, for interest thereon from the time of each

25  non-payment.

26  47. TOOKMANIAN has been required to retain, and has retained, counsel

27

28  TookmanianPleadings001.COMPLAINT.wpd        Page 11
                                                Complaint

Ex. A, Page 14

1  to assert the claims herein.  Pursuant to Labor Code §§218.5 and 2699,

2  TOOKMANIAN is entitled to reasonable attorneys fees against Defendants for the

3  prosecution of her cause of action for unpaid meal break wages.

4

5                          **Fifth Cause of Action**
                    **for violation of Labor Code §1198**

6        48.  TOOKMANIAN refers to paragraphs 1-13 herein, and, by this

7  reference, incorporates them herein as though set forth in full.

8        49.  TOOKMANIAN was an employee of CVS and its predecessor, SavOn

9  Drugstore, from October 30, 1999, until May 1, 2009.  While employed at CVS,

10 TOOKMANIAN was qualified for the position of supervisor and at all time

11 performed her duties with excellence.

12       50.  The Industrial Welfare Commission's labor standards require that all

13 employees in California be provided with suitable seats when the nature of the

14 work reasonably permits the use of seats.[1]  When employees are not engaged in

15 the active duties of their employment and the nature of the work requires

16 standing, an adequate number of suitable seats shall be placed in reasonable

17 proximity to the work area and employees shall be permitted to use such seats

18 when it does not interfere with the performance of their duties.[2]

19       51.  During the time period that TOOKMANIAN was employed there, CVS

20 did not provide her, or other employees working at the cash registers, with

21 suitable seats even though the nature of the work reasonably permitted the use of

22 seats. An adequate number of suitable seats were not be placed in reasonable

23 proximity to the cash registers for employees to use when it did not interfere with

24

25 ─────────────────────────────

26      [1]Wage Order No. 7, subdivision 14(A).

27      [2]Wage Order No. 7, subdivision 14(A).

28 TookmanianPleadings001.COMPLAINT.wpd        Page 12
                                              Complaint

1    the performance of their duties.

2       52. Because TOOKMANIAN was not given suitable seating, she resorted to

3    self help in May, 2008, by retrieving a stool from the Photo Department which

4    she would sit on when there were no customers in line. However, KORT

5    discouraged TOOKMANIAN and other employees, from sitting by removing the

6    stool when Ms. Tookmanian took her lunch break and returning it to the Photo

7    Department. The failure of CVS to provide suitable seating is a violation of the

8    Labor Code for which civil penalties are available for TOOKMANIAN and other

9    employees.[3] Mr. Kort's behavior is also evidence of his animus toward

10   TOOKMANIAN disability.

11      53. TOOKMANIAN has given written notice by certified mail of this claim

12   to the Labor Workforce Development Agency as required by Labor Code

13   §2699.3(a)(1). The Labor Workforce Development Agency has not yet notified

14   TOOKMANIAN, as required by Labor Code §2699.3(a)(2)(A), whether it intends

15   to investigate his allegations. If TOOKMANIAN receives notice from the Labor

16   Workforce Development Agency that it intends to investigation his allegations, he

17   will dismiss his claim herein for penalties pursuant to Labor Code §225.5 and

18   2699. If TOOKMANIAN does not receive notice that the Labor Workforce

19   Development Agency intends to investigate his allegations within 33 days of the

20   postmark date of the notice that he has given pursuant to Labor Code

21   §2699.3(a)(1), he will give notice thereof and continue to pursue his claim herein

22   for penalties pursuant to Labor Code §§225.5 and 2699.

23      54. TOOKMANIAN has been required to retain, and has retained, counsel

24   to assert the claims herein. Pursuant to Labor Code §§218.5 and 2699,

25

26   _____

     [3]Labor Code §§1198, 2699(f); *Bright v. 99 Cents Only Stores* 2010 DJAR

27   17241.

     TookmanianPleadings001.COMPLAINT.wpd          Page 13

28                                                  Complaint

1  TOOKMANIAN is entitled to reasonable attorneys fees against Respondents for

2  the prosecution of this cause of action for unpaid wages.

### Sixth Cause of Action
### for failure to pay wages due upon termination
### in violation of Labor Code §201

55. TOOKMANIAN refers to paragraphs 1-13 herein, and, by this reference, incorporates them herein as though set forth in full.

56. TOOKMANIAN was an employee of CVS and its predecessor, SavOn Drugstore, from October 30, 1999, until May 1, 2009. While employed at CVS, TOOKMANIAN was qualified for the position of supervisor and at all time performed her duties with exce.

57. At the time that CVS terminated TOKM.                    presentatives in the Human Resources Department were well aware that compensation was due      .ving to her for her unpaid October 2008 and Vacation 2008 wages.

58. Pursuant to Labor Code §201, CVS was obligated to pay TOOKMANIAN all wages due her but not previously paid to her at the time of the termination of her employment.

59. The failure to pay Ms. Tookmanian the wages that are due to her is willful. Accordingly, pursuant to Labor Code §203, TOOKMANIAN is entitled to recover a civil penalty equal to thirty working days' wages, at the approximate rate of $110 per day, for CVS' failure to pay wages at the time her employment ended in a total amount according to proof at trial.

60. TOOKMANIAN has been required to retain, and has retained, counsel to assert the claims herein. Pursuant to Labor Code §§218.5 and 2699, TOOKMANIAN is entitled to reasonable attorneys fees against Respondents for the prosecution of this cause of action for unpaid wages.

1     WHEREFORE, TOOKMANIAN PRAYS FOR JUDGMENT AS FOLLOWS:

2     A.  For accrued lost income, future lost income, and for other economic

3     losses against CVS, all according to proof at trial;

4     B.  For emotional distress damages against CVS according to proof at trial;

5     C.  For punitive damages against CVS according to proof at trial;

6     D.  For attorneys fees pursuant to FEHA and Labor Code §§218.5 and 2699;

7     E.  For unpaid wages according to proof at trial;

8     F.  For penalties pursuant to Labor Code §§203, 225.5 and 2699;

9     G.  For interest as permitted by law;

10     H.  For TOOKMANIAN's costs of claim herein; and

11     I.  For such other and further relief as the Court deems just and proper.

12

13   DATED: April 26, 2011        GRONEMEIER & ASSOCIATES, P.C.

14

15

                              By

17                               Elbie Hickambottom, Jr.

                              Attorneys for Plaintiff Diana Tookmanian

18

19

20

21

22

23

24

25

26

27

28

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What Is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate**
> Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate**
> Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate**
> Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate**
> If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

> **Cases for Which Neutral Evaluation May Be Appropriate**
> Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

> **Cases for Which Neutral Evaluation May Not Be Appropriate**
> Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:
- Civil Action Mediation (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- Retired Judge Settlement Conference
- Neutral Evaluation (Governed by Los Angeles Superior Court Rules, chapter 12.)
- Judicial Arbitration (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- Eminent Domain Mediation (Governed by Code of Civil Procedure section 1250.420.)
- Civil Harassment Mediation
- Small Claims Mediation

FAMILY LAW (non-custody):
- Mediation
- Forensic Certified Public Accountant (CPA) Settlement Conference
- Settlement Conference
- Nonbinding Arbitration (Governed by Family Code section 2554.)

PROBATE:
- Mediation
- Settlement Conference

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

| Party Select Panel | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
|---|---|
| Random Select Panel | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| Private Neutral | The market rate for private neutrals can range from $300-$1,000 per hour. |

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office.

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

☐ Mediation
☐ Non-Binding Arbitration
☐ Binding Arbitration
☐ Early Neutral Evaluation
☐ Settlement Conference
☐ Other ADR Process (describe): _____

Dated: _____

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |
| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |
| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |
| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |

☐ Additional signature(s) on reverse

OR C01 10-04
ASC Approved
Rev. 01-07

STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)

Cal. Rules of Court, rule 3.221
Page 1 of 2

Ex. A, Page 21

| Short Title | Case Number |
|---|---|
| | |

_____
ame of Stipulating Party
] Plaintiff ☐ Defendant ☐ Cross-defendant

_____
Name of Party or Attorney Executing Stipulation

_____
Signature of Party or Attorney

_____
ame of Stipulating Party
] Plaintiff ☐ Defendant ☐ Cross-defendant

_____
Name of Party or Attorney Executing Stipulation

_____
Signature of Party or Attorney

_____
ame of Stipulating Party
] Plaintiff ☐ Defendant ☐ Cross-defendant

_____
Name of Party or Attorney Executing Stipulation

_____
Signature of Party or Attorney

_____
ame of Stipulating Party
] Plaintiff ☐ Defendant ☐ Cross-defendant

_____
Name of Party or Attorney Executing Stipulation

_____
Signature of Party or Attorney

_____
Stipulating Party
☐ Defendant ☐ Cross-defendant

_____
Name of Party or Attorney Executing Stipulation

_____
Signature of Party or Attorney

_____
of Stipulating Party
Plaintiff ☐ Defendant ☐ Cross-defendant

_____
Name of Party or Attorney Executing Stipulation

_____
Signature of Party or Attorney

_____
ne of Stipulating Party
Plaintiff ☐ Defendant ☐ Cross-defendant

_____
Name of Party or Attorney Executing Stipulation

_____
Signature of Party or Attorney

_____
ne of Stipulating Party
Plaintiff ☐ Defendant ☐ Cross-defendant

_____
Name of Party or Attorney Executing Stipulation

_____
Signature of Party or Attorney

_____
ne of Stipulating Party
Plaintiff ☐ Defendant ☐ Cross-defendant

_____
Name of Party or Attorney Executing Stipulation

_____
Signature of Party or Attorney

_____
ne of Stipulating Party
Plaintiff ☐ Defendant ☐ Cross-defendant

_____
Name of Party or Attorney Executing Stipulation

_____
Signature of Party or Attorney

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court

Ex. A, Page 22

# LOS ANGELES COUNTY
## DISPUTE RESOLUTION PROGRAMS ACT (DRPA) CONTRACTORS

The following organizations provide mediation services under contract with the Los Angeles County Department of Community & Senior Services. Services are provided to parties in any civil case filed in the Los Angeles County Superior Court. Services are not provided under this program to family, probate, traffic, criminal, appellate, mental health, unlawful detainer/eviction or juvenile court cases.

**Asian-Pacific American Dispute Resolution Center**
**(213) 250-8190**
(Spanish & Asian languages capability)

**California Academy of Mediation Professionals**
**(818) 377-7250**

**Center for Conflict Resolution**
**(818) 380-1840**

**Inland Valleys Justice Center**
**(909) 397-5780**
(Spanish language capability)

**Office of the Los Angeles City Attorney Dispute Resolution Program**
**(213) 485-8324**
(Spanish language capability)

**Los Angeles County Bar Association Dispute Resolution Services**
**toll free number 1-877-4Resolve (737-6583) or (213) 896-6533**
(Spanish language capability)

**Los Angeles County Department of Consumer Affairs**
**(213) 974-0825**
(Spanish language capability)

**The Loyola Law School Center for Conflict Resolution**
**(213) 736-1145**
(Spanish language capability)

**Martin Luther King Legacy Association Dispute Resolution Center**
**(323) 290-4132**
(Spanish language capability)

**City of Norwalk**
**(562) 929-5603**

---

DRPA Contractors do not provide legal advice or assistance, including help with responding to summonses. Accessing these services does not negate any responsibility you have to respond to a summons or appear at any set court date. See the reverse side of this sheet for information on the mediation process and obtaining legal advice.

---

ADR 007 07-04
LASC Approved

Page 1 of 2

Ex. A, Page 23

## What is the goal of mediation?

The goal is to assist the parties in reaching a mutually acceptable agreement or understanding on some or all of the issues. The parties jointly become the primary decision maker in how to resolve the issues as opposed to the traditional judge and/or jury system.

## Do I need an attorney for this?

While it is recommended to have an attorney and/or receive legal advice before the mediation starts, you are not required to have representation. If you do have an attorney, they may participate in the mediation with you.

## How long does it take?

Face-to-face mediations generally last one to three hours. Telephone conciliations, in which the parties do not meet face to face, vary from a few days to several weeks. Much depends on the number of parties involved and the complexities of the issues. When the mediation takes place depends on parties scheduling availability.

### A Mediator helps parties...

◊ Have productive discussions
◊ Avoid or break impasses
◊ Defuse controversy
◊ Generate options that have potential for mutual gain
◊ Better understand each other's concerns and goals
◊ Focus on their interests rather than their positions

### A Mediator does not...

◊ Provide advice or opinions
◊ Offer legal information
◊ Make decisions for parties
◊ Represent or advocate for either side
◊ Judge or evaluate anyone or anything
◊ Conduct research
◊ "Take Sides"

### What does it cost?

The first three hours of any mediation are free. Thereafter, charges are based on income or revenue. All fees are waived for low-income individuals.

### Legal Advice/Information

If you want to retain an attorney, a list of state certified referral services is at courtinfo.ca.gov which also has an on-line self help legal center.

Self-Help Legal Access Centers are at the Inglewood, Palmdale, Pomona, and Van Nuys courthouses. nls-la.org and lafla.org

### What is the difference between the contractors listed and the Superior Court ADR Office?

The services offered by the contractors listed may be accessed immediately. Those offered by the Superior Court ADR Office, also a DRPA contractor, may not be accessed by parties until a court appearance, or at the directive of the judge assigned to the case.

Court Personnel can answer non-legal questions (forms, fees, fee waivers). lasuperiorcourt.org

Low-Income individuals may qualify for help from non-profit legal organizations. Court Personnel and DRPA contractors have such listings.

## Dispute Resolution Programs Act (DRPA) Grants Administration Office
(213) 738-2621
(The DRP Office is not a Superior Court Office. Consult your phone directory to locate the number of the Court Office on your summons.)

THIS IS A TWO-SIDED DOCUMENT.

ADR 007 07-04
LASC Approved

Ex. A, Page 24

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Gronemeier & Associates, P.C.
Elbie J. Hickambottom, Jr. SBN 119289
1490 Colorado Blvd.
Eagle Rock, CA 90041
TELEPHONE NO.: 323-254-6700     FAX NO.: 323-254-6722
ATTORNEY FOR (Name): Plaintiff Diana Tookmanian

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 300 E. Walnut Street
MAILING ADDRESS:
CITY AND ZIP CODE: Pasadena 91101
BRANCH NAME: Pasadena Courthouse, Northeast District

ORIGINAL FILED
APR 28 2011
LOS ANGELES
SUPERIOR COURT

CASE NAME:
Tookmanian v. CVS

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder | | GC 047276 |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: | |
| | | | DEPT: | |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action (specify): Six
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 04/26/11

Elbie J. Hickambottom, Jr.
(TYPE OR PRINT NAME)                                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Ex. A, Page 25

| SHORT TITLE: Tookmanian v. CVS | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5 ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 1 of 4

Ex. A, Page 26

| SHORT TITLE: Tookmanian v. CVS | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation    Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Ex. A, Page 27

| SHORT TITLE: Tookmanian v. CVS | | CASE NUMBER | |

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

Ex. A, Page 28

| SHORT TITLE: Tookmanian v. CVS | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☐2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8, ☐9. ☐10. | ADDRESS:<br>451 South Sierra Madre Boulevard |
|---|---|
| CITY: Pasadena | STATE: CA | ZIP CODE: 91107 |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Pasadena Courthouse courthouse in the Northeast District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: 04/26/11

(SIGNATURE OF FILING PARTY)

THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY FILE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 4 of 4

Ex. A, Page 29

Exhibit B

1  James D. Gustafson, Bar No. 125772
   EDWARDS ANGELL PALMER & DODGE LLP
2  660 Newport Center Drive, Suite 900
   Newport Beach, CA 92660
3  Telephone:    949.423.2100
   Facsimile:    949.423.2101
4  Email:        jgustafson@eapdlaw.com

5  Attorneys for Defendant
   CVS Pharmacy, Inc.

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF LOS ANGELES—NORTHEAST DISTRICT

10

11  DIANA TOOKMANIAN, on behalf of          Case No.  GC047276
    herself and other CVS PHARMACY, INC.
12  employees,                              Assigned For All Purposes To:
                                            Honorable Joseph F. De Vanon, Dept. NES
13          Plaintiff,

14      v.                                  **ANSWER TO COMPLAINT**

15  CVS PHARMACY, INC., a Delaware
    corporation and DOES 1 through 20,
16  inclusive,

17          Defendants.

18

19      Defendant, CVS Pharmacy, Inc., a Rhode Island corporation (erroneously sued and served

20  as a Delaware corporation) ("Defendant") hereby responds to the allegations contained in the

21  complaint filed by Diana Tookmanian (the "Complaint") as follows:  Defendant denies generally

22  and specifically each and every allegation alleged in the Complaint and generally and specifically

23  denies each and every prayer for relief contained therein.  Defendant alleges the following

24  affirmative defenses.

25                          **AFFIRMATIVE DEFENSES**

26                          **First Affirmative Defense**

27      Plaintiff's claims are barred or must be reduced to the extent that she has failed to mitigate

28  any damages she may have suffered.

EDWARDS ANGELL
PALMER & DODGE
LLP
ATTORNEYS AT LAW

PRV 1140879.1

ANSWER TO COMPLAINT          Ex. B, Page 30

1   ///

2 **Second Affirmative Defense**

3      Plaintiff is estopped by her own conduct from asserting any of her claims against the

4 Defendant.

5 **Third Affirmative Defense**

6      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

7 **Fourth Affirmative Defense**

8      Plaintiff's claims are barred to the extent that she has failed to exhaust required

9 administrative remedies.

10 **Fifth Affirmative Defense**

11      Plaintiff's claims are barred to the extent that they were not filed within the applicable

12 statutes of limitation.

13 **Sixth Affirmative Defense**

14      If the Plaintiff suffered injuries or damages as alleged, such injuries or damages were

15 caused by Plaintiff's own actions or someone for whose conduct Defendant was not and is not

16 responsible.

17 **Seventh Affirmative Defense**

18      An award of punitive damages would be contrary to Defendant's good faith efforts to

19 comply with the law.

20 **Eighth Affirmative Defense**

21      Defendant states that each and every action of its employees with respect to the Plaintiff

22 were taken in good faith and for legitimate, non-discriminatory reasons.

23 **Ninth Affirmative Defense**

24      Defendant states that, to the extent that the Plaintiff engaged in misconduct during her

25 employment that would have resulted in her termination had Defendant been aware of said

26 misconduct, the Plaintiff's claims should be barred or reduced for her having engaged in said

27 misconduct.

28 **Tenth Affirmative Defense**

Edwards Angell
Palmer & Dodge
LLP
Attorneys At Law

PRV 1140879.1          - 2 -

1    Defendant states that, even if the Plaintiff is able to prove that a prohibited factor

2    motivated Defendant's alleged employment action, which Defendant expressly denies, the same

3    action would have been taken even absent such motivation and, therefore, the Plaintiff's claims

4    must fail.

5                              **Eleventh Affirmative Defense**

6        Defendant states that a policy prohibiting discrimination is and was maintained, as well as

7    a procedure for the resolution of complaints alleging discrimination.

8                              **Twelfth Affirmative Defense**

9        Defendant states that, at all times, it acted promptly and effectively in response to any

10   complaints asserted by the Plaintiff of discrimination and/or retaliation.

11                            **Thirteenth Affirmative Defense**

12       The Plaintiff's Complaint is barred, in whole or in part, because Defendant exercised

13   reasonable care to prevent and correct promptly any discriminatory conduct and because the

14   Plaintiff unreasonably failed to properly take advantage of any preventive or corrective

15   opportunities provided by Defendant or to avoid harm otherwise.

16                            **Fourteenth Affirmative Defense**

17       Plaintiff's claims are barred by the doctrine of unclean hands.

18                             **Fifteenth Affirmative Defense**

19       Plaintiff did not suffer from a "qualifying disability".

20                             **Sixteenth Affirmative Defense**

21       No private right of action exists under California Labor Code Section 1198.

22                           **Seventeenth Affirmative Defense**

23       Plaintiff's claims fail against this answering Defendant because she has sued an entity that

24   was not her employer.

25       WHEREFORE, Defendant prays that Plaintiff take nothing by way of her Complaint

26   and that Defendant be awarded its costs of suit and such other and further relief as the Court

27   deems just and proper.

28

EDWARDS ANGELL
PALMER & DODGE
LLP
ATTORNEYS AT LAW

1    Dated: June 21, 2011

Edwards Angell Palmer & Dodge LLP

By: _____

James D. Gustafson
Attorneys for Defendant
CVS PHARMACY, INC.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EDWARDS ANGELL
PALMER & DODGE
LLP
ATTORNEYS AT LAW

PRV 1140879.1

- 4 -

ANSWER TO COMPLAINT

Ex. B, Page 33

1           **PROOF OF SERVICE**

2    STATE OF CALIFORNIA, COUNTY OF ORANGE:

3           I am employed in the County of Orange, State of California.  I am over the age of 18 and

4    not a party to the within-entitled action.  My business address is 660 Newport Center Drive, Suite

5    900, Newport Beach, California  92660.  On June 21, 2011, I served a true and correct copy of the

6    following document(s) on all interested parties:

7                           ANSWER TO COMPLAINT

8    ☒   **By United States Mail (CCP §§1013a, et seq.):** I enclosed said document(s) in a
9         sealed envelope or package to each addressee.  I placed the envelope for collection
          and mailing, following our ordinary business practices.  I am readily familiar with
10        the firm's practice for collecting and processing correspondence for mailing.  On
          the same day that correspondence is placed for collection and mailing, it is
11        deposited in the ordinary course of business with the United States Postal Service,
          with postage fully prepaid.
12

13   ☐   **By Federal Express/Overnight Delivery (CCP §§1013(c)(d), et seq.):** I
          enclosed said document(s) in a sealed envelope or package provided by overnight
14        delivery carrier to each addressee.  I placed the envelope or package, fees paid for,
          for collection and overnight delivery at an office or at a regularly utilized drop box
15        maintained by the express service carrier at 660 Newport Center Drive, Newport
          Beach, California.
16

17   ☐   **By Fax Transmission (CRC 2.306):**  Based on a written agreement of the parties
          to accept service by fax transmission, I faxed said document(s) to each addressee's
18        fax number.  The facsimile machine that I utilized, (949) 423-2101, complied with
          California *Rules of Court*, Rule 2.306, and no error was reported by the machine.
19        Pursuant to Rule 2.306(h), I caused the machine to print a record of the
          transmission, a copy of which is attached to the original proof of service.
20

21   ☐   **By Messenger Service/Personal Delivery:**  I enclosed said document(s) in a
          sealed envelope or package to each addressee.  I provided them to a professional
22        messenger service (First Legal) for service.  An original proof of service by
          messenger/personal delivery will be filed pursuant to California *Rules of Court*,
23        Rule 3.1300(c).

24   ☐   **By E-Mail/Electronic Transmission:**  By causing the document(s) to be emailed
          or electronically transmitted to the person(s) at the email addresses set forth below,
25        pursuant to court order or an agreement of the parties to accept service by email or
          electronic transmission.  I did not receive, within a reasonable time after the
26        transmission, any electronic message or other indication that the transmission was
          unsuccessful.
27

28

Edwards Angell
Palmer & Dodge
LLP
Attorneys At Law

PRV 1137693.1

                          PROOF OF SERVICE

                                             Ex.  B, Page 34

1       Dale L. Gronemeier
2       Elbie J. Hickambottom, Jr.
          Gronemeier & Associates, P.C.
3       1490 Colorado Blvd.
          Eagle Rock, CA  90041
4       Tel:  323-254-6700
          Fax:  323-254-6722
5

6       Attorneys for Plaintiff

7       I declare under penalty of perjury under the laws of the State of California that the above

8 is true and correct.

9       Executed on June 21, 2011, at Newport Beach, California.

10

11

12                            Laina Anderson

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EDWARDS ANGELL
PALMER & DODGE
LLP
ATTORNEYS AT LAW    PRV 1137693.1         - 2 -

PROOF OF SERVICE

Ex.  B, Page 35